**BRAINY IDEAS, INC., et al., Plaintiffs,**

v.

**MEDIA GROUP, et al., Defendants.**

**No. CIV.A. 99–2419.**

United States District Court, E.D. Pennsylvania.

April 25, 2001.

Martin J. Black, Sleena Fitanides, Dechert, Price & Rhoads, Philadelphia, PA, Jeffrey S. Edwards, Philadelphia, PA, Thomas E. Graham, Kilpatrick Stockton, LLP, Washington, DC, Kenneth A. Godlewski, John W. Ball, Jr., Richard T. Peterson, Kilpatrick Stockton, LLP, Washington, DC, James R. Myers, Kilpatrick Stockton, LLP, Reston, VA, for Brainy Ideas, Inc., Tristar Products, Inc.

Michael T. Scott, Robert A. Kauffman, Reed, Smith, Shaw & McClay, Philadelphia, PA, Stephen J. Springer, Gavin P. Lentz, Bochetto & Lentz, P.C., Philadelphia, PA, James R. Cartiglia, Daniel F. Coughlin, St. Onge Steward Johnston & Reens, Stamford, CT, Eliot R. Clauss, Clauss & Sabatini, New York City, for Media Group, Sonny Howard.

Susan K. Herschel, Jan Fink Call, Hoyle, Morris & Kerr, Philadelphia, PA, Stephen J. Springer, Bochetto & Lentz, P.C., Philadelphia, PA, Eliot R. Clauss, Clauss & Sabatini, New York City, Daniel F. Coughlin, St. Onge, Steward Johnston & Reens, LLC, Stamford, CT, Stephen D.

Chawkin, Jr., Clauss Chawkin LLP, New York City, for Tele-Spot Products, Jeff Kurani.

Jan Fink Call, Hoyle, Morris & Kerr, Philadelphia, PA, Stephen J. Springer, Bochetto & Lentz, PC, Philadelphia, PA, Eliot R. Clauss, Clauss & Sabatini, New York City, for Rantech Corp.

### MEMORANDUM [1]

#### EDUARDO C. ROBRENO, District Judge.

Pursuant to *Markman v. Westview, Inc.*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), the court held a *"Markman* hearing" to determine the meaning of the term "securing mechanism" as used in the claims of U.S. Patent No. 5,901,888 (issued May 11, 1999) (the " '888 patent"). The patent at issue is for a clothes hanging device that is designed to minimize the amount of space that clothes resting on hangers take up within a given area. The device has two arms with multiple holes drilled into them in which conventional hangers may be slotted. The arms are attached to the bottom of a centrally-located rod, and may be moved so that can be locked in an upright position, resting against the rod. Two "securing mechanisms" for locking the arms in place are located, on the preferred embodiment described in the '888 patent, near the top of the rod. When the arms are locked in an upright position, the clothes attached to the hangers slotted in the arms of the device take up less space than they otherwise would if they had simply been hung separately on a clothes rack.

■ Under the teachings of *Markman,* the Supreme Court has recognized that the task of interpreting the claims of a

patent belongs to the court, as opposed to the jury. *See id.* at 391, 116 S.Ct. 1384. All patents contain at least one claim, which "particularly poin[t] out and distinctly clai[m] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112. "The claim 'define[s] the scope of a patent grant,' " *Markman,* 517 U.S. at 373, 116 S.Ct. at 1388 (quoting 3 E. Lipscomb, *Walker on Patents* § 11:1, at 280 (3d ed.1985)), and functions to forbid not only exact copies of an invention, but products that go to "the heart of an invention but avoids the literal language of the claim by making a noncritical change." *Id.* (quoting H. Schwartz, *Patent Law and Practice* 82 (2d ed.1995)).

■ In this case, plaintiffs contends that the term "securing mechanism" as stated in a number of claims in the patent, means a "conventional mechanical locking device." Defendants, on the other hand, argue that "securing mechanism" means "latching mechanism." If defendants' view is accepted, the patent extends only to a clothes hanging device as described above that uses any kind of a latch to lock the arms of the device in place. By contrast, plaintiffs' interpretation would broaden the scope of the patent to cover similar clothes hanging devices that use any mechanical system to lock the arms in place. For the reasons stated below, the court agrees with plaintiffs that "securing mechanism," as used in the claims of the " '888 patent," means "conventional mechanical locking device."

In support of their argument, plaintiffs point to claims 13, 14, and 21. Claims 13 and 14 state, in part:

A hanger, comprising:

---

1. This memorandum constitutes the court's findings of fact and conclusions of law. *See*

FedR.Civ.P. 52(a).

a hanger body having an attached hanging structure;

a plurality of arms attached to the body; and

at least one *securing mechanism* for securing the plurality of arms in a first position relative to the hanger body;

Pls.' Ex. 1, col. 8, lines 24–28, 39–43 (emphasis added). Claim 21 contains the same language as the quoted portions of claims 13 and 14, supra, and further states:

wherein the plurality of arms are each movable from the first position to a second position, such that the arms are fixably stopped in the second position, wherein each of the plurality of arms includes a plurality of hang locations for fixedly holding conventional hangers, *wherein each securing mechanism comprises a latch,* and wherein the plurality of arms include a plurality of hang locations, the plurality of hang locations comprising holes in the plurality of arms.

Pls.' Ex. 1, col. 9, lines 50–59 (emphasis added). Defendants, in turn, rely on a number of claims that refer to a "latch." For example, claims 28 and 29 notes that "wherein each latch has a latched position and an unlatched position, [and] wherein each latch is biased on the latched position." Pls.' Ex. 1, col. 11, lines 8–10, 26–28; *see also* Pls.' Ex. 1; claims 2, 5, 21–27, 57–59.

"In construing the claims, a court '[f]irst . . . look[s] to the words of the claims themselves', both asserted and nonasserted, to define the scope of the patented invention." *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed.Cir.1996). Within the claims, there is support for both parties' positions. Defendants' as-

serted claims demonstrate that the claims contemplate that the securing mechanism will contain some kind of latch system. The multiple references to latches, however, does not conclusively answer the question before the court of what the term "securing meachanism" means.

■ "The 'varied use of a disputed term in the written description demonstrates the breadth of the term rather than providing a limited definition.'" *Northern Telecom Ltd. v. Samsung Elec. Co., Ltd.,* 215 F.3d 1281, 1291 (Fed.Cir.2000) (quoting *Johnson Worldwide Assoc. Inc. v. Zebco, Corp.,* 175 F.3d 985, 991 (Fed.Cir. 1999)). Therefore, the various references within the claims to "latches" that describe the term "securing mechanism" do not limit the scope of the term.[2] In addition, the mere use of the term "securing mechanism," rather than simply "latching mechanism" or "latch system," suggests that the claims encompass systems "for securing the plurality of arms in a first position relative to the hanger body," Pls.' Ex. 1, col. 8, lines 28–29, 43–44, that do not include latches. This reading supports plaintiffs' position that "securing mechanism" encompasses all types of conventional mechanical locking devices, not merely those that use latches.

The Federal Circuit directs that the second step in claim construction analysis is to look at the specification, and read the claims in view of the specification. *See Vitronics,* 90 F.3d at 1582 ("As we have repeatedly stated, '[c]laims must be read in view of the specification, of which they are a part.'") (quoting *Markman,* 52 F.3d 967, 979 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996)). The

---

2. Plaintiffs point out that the language in claim 21 relied upon by both parties, "wherein each securing mechanism comprises a latch," would reduce that language to a re-

dundancy, reading "each latching mechanism comprises a latch." The fact that defendants' reading renders a portion of claim 21 superfluous further supports the court's conclusion.

court in *Vitronics* describes the specification as "the single best guide to the meaning of a disputed term." *Vitronics*, 90 F.3d at 1582.

■ The specification contains two references to the means of holding the arms of the device in a locked position that strongly support plaintiff's position. First, in the "Summary of the Invention," the patent describes "an embodiment of the present invention [which] comprises a device, method, and system for clothing organization that includes ... *a securing or latching system to hold the arms in place*." Pls.' Ex. 1, col. 2 lines 53–54 (emphasis added). Second, the "Detailed Description" provides that "[i]n an embodiment of the present invention, as shown in FIG. 1, *two securing mechanisms* 3, 4, *such as latches*, are incorporated near the top of the body 1a."[3] Pls.' Ex. 1, col. 4 lines 37–39 (emphasis added). The latter passage in particular demonstrates that the term "securing mechanism," at least as used in the specification, encompasses systems that rely on latching mechanisms and those that use some alternative means of holding the arms of the device in a fixed position. Because the specification is the "single best guide," for determining the meaning of the disputed claim term, *see Vitronics*, 90 F.3d at 1582, the court concludes that the term "securing mechanism" has the same meaning in the claims section of the '888 patent as it has in the specification section. Accordingly, the court finds that defendants' contention that "securing mechanism" merely means "latching mechanism" is not supported by the '888 patent.

Having shown that defendants' definition of "securing mechanism" is not supported by the '888 patent, the court must determine the proper construction of the term. Plaintiffs contend that "securing mechanism" means "conventional mechanical locking device." The court concludes that this definition is accurate because, one, it recognizes that a securing mechanism need not be limited to a latching system, and, two, it does not unduly expand the scope of the patent.

■ The court reaches this conclusion by first examining "the context of this patent is all about." *Design by U.S. Company v. Best Foods, Inc.*, No. CIV.A. 98–736, 2000 WL 1056454 (E.D.Pa. Aug. 1, 2000). The Federal Circuit has endorsed this approach, stating that "a claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed.Cir.1998). In this case, the context of the patent concerns protecting the concept of a clothes hanging device that, through movable arms that contain holes through which conventional hangers can fit, decreases the amount of space taken up by the clothes when the arms are locked in a certain position. The means by which the arms are locked is of minimal importance, and requires nothing more than rudimentary engineering. Had the plaintiffs attempted to patent the latching system which is contained on the product they market to the public based on the '888 patent, such an attempt would have been summarily rejected, because the latch system found on the product is so basic and obvious. This is clear to the average person, let alone someone "skilled in the art." Therefore, in order to provide adequate protection for the primary concept articulated in the '888 patent, it is necessary to construe

---

**3.** The numbers contained within the quoted passage refer to corresponding numbers indicating various components of the device as presented in Fig. 1 of the '888 Patent. *See* Pls.' Ex. 1.

the claims as to features of the invention of secondary importance, such as the securing mechanisms, in a manner broad enough to prevent a patent holder's competitors from evading the reach of the patent laws by altering a single relatively unimportant component of the invention. This conclusion is also supported by plaintiffs' expert, Dr. Thomas Haas,[4] who testified that, in his opinion, "a securing mechanism is a conventional mechanical locking device." Hr'g Tr. (10/13/00) at 61.

■ Finally, defendants' means-plus-function argument under 35 U.S.C. § 112(6) is equally unavailing. Section 112(6) provides that

> [a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material or acts described in the specification and equivalents thereof."

35 U.S.C. § 112(6). The claims asserted by defendants do not contain the "means for" language that is generally used by claims drafters to trigger application of § 112(6). The absence of the "means for" language creates a presumption that § 112(6) does not apply. *See Greenberg v. Ethicon Endo–Surgery, Inc.*, 91 F.3d 1580, 1584 (Fed.Cir.1996). In this case, defendants has pointed to nothing in the claim language of the '888 patent which over-comes the presumption created by the absence of the "means for" language.

For the reasons stated above, the court finds that, the term "securing mechanism" as used in the '888 patent means "conventional mechanical locking device."

An appropriate order follows.

---

4. Dr. Haas is a professor of chemical engineering at Virginia Commonwealth University, *see* Hr'g Tr. (10/13/00) at 51, and is a past president of the Society of Plastic Engineers, *see id.* at 54. At the hearing, Dr. Haas was qualified as an expert in the fields of mechanical design and polymer engineering. *See* Hr'g Tr. (10/13/00) at 59. Defendants objected to the proffer of this opinion because Dr. Haas's testimony is extrinsic evidence. They argue that the court may not consider such extrinsic evidence because, in their view, the claims clearly establish that the term "securing mechanism" means "latching mechanism." It follows from the court's rejection of that view, however, that the claims are ambiguous. Consideration of extrinsic evidence is thus appropriate. *See Vitronics*, 90 F.3d at 1583 ("In those cases where the public record unambiguously describes the scope of the patented invention, reliance on any extrinsic evidence is improper.").